UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-P88-M

**MICHAEL WAYNE LONG**                                                                 **PLAINTIFF**

**v.**

**UNITED STATES OF AMERICA**
**UNITED STATES MARINE CORPS**                                                   **DEFENDANTS**

## ORDER

This matter is before the Court on several motions filed by Plaintiff Michael Wayne Long. The motions are addressed below.

1) **Motion to clarify and substantiate this cause of legal action (DN 7).** The Court construes this motion as a motion to amend. Under Rule 15 of the Federal Rules of Civil Procedure, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." As this is Plaintiff's first motion to amend and because no responsive pleading has been served, **IT IS ORDERED** that the motion to amend (DN 7) is **GRANTED**. The Court will review the allegations in the amendment when it undertakes its mandatory review of the complaint pursuant to 28 U.S.C. § 1915A.

2) **Motion for leave to proceed *in forma pauperis* pursuant to the poor relief act (DN 8).** Petitioner asks the Court for an exemption from Court fees. The record reflects, however, that Plaintiff has already paid the $350.00 filing fee in full. Accordingly, **IT IS ORDERED** that the motion for leave to proceed *in forma pauperis* under the poor relief act (DN 8) is **DENIED**.

**3) Motion for appointment of counsel and/or guardian *ad litem* (DN 9).**

Plaintiff seeks the appointment of counsel and/or guardian *ad litem* for the following reasons: (1) "because of [his] infancy, incapacity or disability"; (2) because he might need a medical expert in the future; and (3) because he has limited access to a prison law library and a limited ability to investigate due to his incarceration.

"'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

At this early stage in the litigation, the Court finds that the complexity of the issues and facts in this case does not necessitate the appointment of counsel. While the record reflects that Plaintiff has a diagnosis of schizophrenia, paranoid type, documents attached to the amendment to his complaint reveal that he is progressing well, is able to communicate, and is working toward obtaining his GED.[1]  Moreover, based on the numerous documents filed by Plaintiff thus

---

[1]For example, Plaintiff received a certificate on July 12, 2007, "For Outstanding Progress and Participation in the CPTU Treatment Program."  In July 2007, Psychologist Phillip W. Johnson, Ph.D., advised that during the past 25 years, Plaintiff "has made near miraculous progress in combating his mental illness. . . . His advancement in school . . . is an excellent example of this determination and grit, as well as the effort and work extended by your dedicated staff."  In June 2006, a CPTU employee noted

far, he is able to adequately communicate with the Court, and he has not indicated that he had any assistance in the preparation of his many filings. As it appears that Plaintiff is able to represent himself sufficiently at this time, **IT IS ORDERED** that the motion for appointment of counsel (DN 9) is **DENIED**.

Under Rule 17(c) of the Federal Rules of Civil Procedure, "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." While Plaintiff broadly claims that he seeks the appointment of a guardian *ad litem* "because of [his] infancy, incapacity or disability," this statement is wholly conclusory, he fails to explain how that phrase translates into his inability to represent himself, and as noted above, the record reveals that he is progressing well. Again, based on a review of the multiple papers filed by Plaintiff on his own thus far, it appears that Plaintiff is able to represent himself sufficiently at this time. Accordingly, **IT IS ORDERED** that Plaintiff's request for appointment of a guardian *ad litem* (DN 9) is **DENIED**.

**4) Motion for leave for parties' agreement or Court settlement (DN 11).** Due to the Court's impartial position in this pending litigation, it cannot and will not force a settlement upon any party. **IT IS THEREFORE ORDERED** that the motion for parties' agreement or Court settlement (DN 11) is **DENIED**.

---

that "Inmate Long continually demonstrates a positive attitude, actively participates in his treatment group, and has been compliant with his psychotropic medications."

**5) Motion for jury trial (DN 12).** On review, **IT IS ORDERED** that the motion (DN 12) is **GRANTED**. The **Clerk is directed to amend the docket sheet to reflect** that Plaintiff makes a demand for a jury trial. The Court clarifies that the grant of the motion for jury trial in no way guarantees that a trial will be had. Rather, the grant of the motion for jury trial means only that Plaintiff has now indicated a desire for a jury trial should the litigation proceed to that stage.

Date:

cc: Plaintiff, *pro se*
4414.005