UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MICHAEL WAYNE LONG**                                                                    **PLAINTIFF**

v.                                                                           CIVIL ACTION NO. 1:07CV-P88-M

**UNITED STATES OF AMERICA**
**UNITED STATES MARINE CORPS**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of Plaintiff's complaint (DN 1) and amended complaint (DN 7) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Under § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the Court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Plaintiff claims that he "had an injury in the Naval service, that was made worse during Naval service, or that there was an event in Militiary service which cause the injury." He explains that he had a head injury prior to enlisting in the miliary service and that the military failed "to evaluate and to adequate treat his mental problems[1] prior to his enlistment." He contends that his "condition 'predisposed [him] to an administrative discharge and to cause [him] mental and emotional anguish" and that the military service caused his mental problems to worsen resulting in his discharge "from the United States Marine Corps of March 31, 1978 with psychiatric medical." Plaintiff asserts that he is bringing his action under "28 U.S.C.A. 1920, Marine Merchant Act,"

---

[1] In a March 2006 report, licensed psychologist Phillip W. Johnson, Ph.D., who reports that he has professionally known Plaintiff for over twenty years, reports that Plaintiff has a diagnosis of schizophrenia, paranoid type. He opines that "the biological foundation for [Plaintiff's] illness was present since birth and may have been activated by the stress experienced when progressing through Marine Corp boot camp after a lifetime of pre-ceeding stressors."

which he contends provides, "Any seaman who shall suffer personal injury in the cause of his employment may at his election, maintain an action for damages at law, with the right of tr[ia]l by jury."

The statute to which Plaintiff refers, 28 U.S.C. § 1920, is not the "Marine Merchant Act." Rather, § 1920 lists items that a United States judge or clerk may tax as costs. The portion of the statute that Plaintiff quotes, however, is actually a section of the Merchant Marine Act, commonly known as the Jones Act, 46 U.S.C. § 30104.[2] *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 378 n.1 (1995). Under § 30104, "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer." The Jones Act contains a three-year statute of limitations running from the date of injury. 46 U.S.C. § 30106.[3] ("Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose.").

Plaintiff claims that the United States Marine Corp failed to evaluate and treat his mental condition during his enlistment period, which ended upon discharge in March 1978. Because Plaintiff did not file the instant action until May 2007, the action is barred by the applicable three-year statutory limitations period and will be dismissed by separate order.

Date:

cc:     Plaintiff, *pro se*
4414.005

---

[2] Formerly cited as 46 App. U.S.C. § 688.

[3] Formerly cited as 46 App. U.S.C. § 763a.